IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROYAL DOUGLAS ROBINSON (TDCJ No. 2066342), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:17-cv-2931-L-BN |
| AUGUSTUS CORBETT and STANLEY R. MAYS, | § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

This *pro se* action has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. The Court has granted Plaintiff Royal Douglas Robinson leave to proceed *in forma pauperis*. And the undersigned now issues the following findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss this action.

**Applicable Background**

Robinson, a Texas inmate, is confined for life without the possibility of parole as a result of his being found guilty of capital murder by a jury in Dallas County. *See State v. Robinson*, No. F16-00017-U (291st Jud. Dist. Ct., Dallas Cty., Tex. Apr. 14, 2016), *aff'd*, No. 05-16-00449-CR, 2017 WL 2264823 (Tex. App. – Dallas May 24, 2017, pet. ref'd). Robinson does not collaterally attack the state criminal judgment through

this action but instead asserts, under 42 U.S.C. § 1983, that his former state-appointed defense counsel – Defendants Augustus Corbett and Stanley R. Mays – violated his constitutional rights during trial. *See* Dkt. No. 3.

Robinson alleges that Corbett "violated [his] First Amendment Constitutional right under the Establishment Clause by quoting Christian biblical scripture to prospective jurors during voir dire examination and also to the acting jurors during his opening statement." *Id.* at 6 (further claiming that this conduct amounts to due-process and equal-protection violations; all caps omitted). And he claims that Mays is equally liable because he "encourag[ed] and permitt[ed] Corbett[']s state sponsorship of religion." *Id.* at 7 (all caps omitted).

Robinson seeks monetary damages and declaratory relief. *See id.* at 9.

## Legal Standards and Analysis

A district court is required to screen a civil action filed *in forma pauperis* and may summarily dismiss that action if, for example, it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). And, as explained below, although Robinson is a state prisoner, because he "did not name a state actor as defendant," it would be error to screen his claims "pursuant to 28 U.S.C. § 1915A." *Arnold v. Wal-Mart*, 78 F. App'x 385, 386 (5th Cir. 2003) (per curiam) (citing 28 U.S.C. § 1915A(a), (b); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) ("a suit by a prisoner against state agencies and officers ... is clearly within the ambit of section 1915A" and requires screening "even when a prisoner has paid the required filing fee")).

To state a claim under Section 1983, "a plaintiff must allege facts showing that

he has been 'deprived of a right secured by the Constitution and the laws of the United States,' and that the deprivation was caused by a person or persons 'acting under color of state law.'" *Burroughs v. Shared Housing Ctr.*, No. 3:15-cv-333-N-BN, 2015 WL 4077216, at *2 (N.D. Tex. June 17, 2015) (quoting *Bass v. Parkwood Hosp.,* 180 F.3d 234, 241 (5th Cir. 1999)), *rec. accepted*, 2015 WL 4089756 (N.D. Tex. July 6, 2015). "Absent any allegations of state action or that defendants are state actors, [a plaintiff's] Section 1983 claims fail." *Richardson v. Skyline Prop.*, No. 3:14-cv-1978-D, 2014 WL 4817619, at *3 (N.D. Tex. Sept. 29, 2014) (citations omitted).

Defense attorneys, whether public defenders or private attorneys, are not "state actors" and cannot be sued under Section 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 324-25 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983."); *cf. Sellers v. Haney*, 639 F. App'x 276, 277 (5th Cir. 2016) (per curiam) ("The district court properly concluded that Sellers's defense attorneys were not state actors." (citing *Dodson*, 454 U.S. at 317-18)). And Robinson alleges no facts to show that Defendants conspired with state actors to deprive Robinson of constitutional rights. *See Mills*, 837 F.2d at 679.

The Court should therefore summarily dismiss this action and, for the same reasons, Robinson's motion to appoint counsel [Dkt. No. 7] and his discovery-related motion [Dkt. No. 8] should be denied. *Cf. Naranjo v. Thompson*, 809 F.3d 793, 799 (5th

Cir. 2015) ("even when a plaintiff has nonfrivolous ... claims, a 'trial court is not required to appoint counsel ... unless the case presents exceptional circumstances'" (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982))).

## Recommendation

The Court should summarily dismiss this action under Section 1915(e)(2)(B)(ii).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 26, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE